UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LORI BENNETT-KOLASA, *on behalf of herself and as parent and natural guardian of S.T., an infant*, and WILLIAM KOLASA,

Plaintiffs,

v.

**DECISION AND ORDER**
13-CV-279S

TOWN OF ALLEGANY, WENDY TUTTLE, JAMES E. PAUL, and KELLY LENT-PAUL,

Defendants.

## I. INTRODUCTION

Aspen, a Great Pyrenees livestock guard dog, protects Plaintiffs' alpaca herd. When the herd is threatened, Aspen barks. When Aspen barks, the neighbors complain. When the town becomes involved, a dog bark becomes a federal case.

In this action, Plaintiffs Lori Bennett-Kolasa and William Kolasa bring First and Fourteenth Amendment federal claims against Defendants Town of Allegany and Wendy Tuttle, pursuant to 42 U.S.C. § 1983,[1] and assault and malicious prosecution claims under state law against Defendants James E. Paul and Kelly Lent-Paul. Defendants have moved to dismiss each of Plaintiffs' claims. (Docket Nos. 14, 16.) For the following reasons, Defendants' motions are granted.

[1]Civil liability is imposed under 42 U.S.C. § 1983 only upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws. See 42 U.S.C. § 1983. On its own, § 1983 does not provide a source of substantive rights, but rather, a method for vindicating federal rights conferred elsewhere in the federal statutes and Constitution. See Graham v. Connor, 490 U.S. 386, 393-94,109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 145 n.3, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)).

## II. FACTS

The following facts, drawn from the amended complaint, are assumed true for purposes of Defendants' Motions to Dismiss.

Plaintiffs own a 20-acre alpaca farm in rural Town of Allegany. (Amended Complaint, Docket No. 8, ¶¶ 4, 5.) The farm is a commercial operation, offering alpacas, alpaca manure, and alpaca fiber for sale. (Amended Complaint, ¶ 6.) The hilly, heavily wooded property is zoned "Agricultural-Forestry," and Plaintiffs' operation of their alpaca farm is a permitted use under the zoning laws. (Amended Complaint, ¶ 8.)

Aspen protects Plaintiffs' herd of 30 or so alpacas from feral dogs, coyotes, bobcats, and bear, all predators living in the area. (Amended Complaint, ¶¶ 5, 7, 10.) When Aspen senses a threat, she emits a low-rumble warning bark. (Amended Complaint, ¶ 11.) If the threat persists, Aspen repeats her bark and stamps the ground to signal that she will defend the herd. (Amended Complaint, ¶ 11.)

Aspen is properly trained to alert only to threats. (Amended Complaint, ¶¶ 12, 13.) She does not typically bark at walkers, joggers, bicyclists, delivery persons, or visitors to the farm. (Amended Complaint, ¶ 13.) Aspen will, however, bark at unleashed dogs walking with their owners, which she perceives as a threat to the herd. (Amended Complaint, ¶ 13.) Aspen barks occasionally during the day, usually for several seconds and rarely for more than two minutes. (Amended Complaint, ¶ 13.) Plaintiffs investigate if Aspen barks any longer. (Amended Complaint, ¶ 14.)

Defendants James E. Paul and Kelly Lent-Paul are Plaintiffs' neighbors across the street. (Amended Complaint, ¶ 15.) Upset by Aspen's barking, they repeatedly and falsely reported to the Town of Allegany that Aspen barks for long periods of time frequently

throughout all hours of the day and night and was indiscriminately barking at anyone and everyone walking down the street or visiting the neighborhood. (Amended Complaint, ¶¶ 16-18.)

Both the Town Supervisor and the Dog Control Officer investigated the Pauls' numerous complaints and heard no unreasonable barking. (Amended Complaint, ¶¶ 18.) The Dog Control Officer, for example, repeatedly responded to the Pauls' complaints over the course of a year, visiting the neighborhood at all hours. (Amended Complaint, ¶ 20.) Only twice did the officer hear Aspen bark at all, and at no time did the officer observe or hear any unreasonable barking or noise. (Amended Complaint, ¶¶ 20, 21.)

Nonetheless, at the behest of Defendant Wendy Tuttle, the Dog Control Officer initiated a proceeding against Plaintiffs in the Town of Allegany Justice Court for violating the town's dog control ordinance. (Amended Complaint, ¶¶ 23, 24.) He did so under duress and under protest, having been forced to initiate the proceeding by the Town Justice and Tuttle, the Town Attorney, who insisted that he initiate the prosecution so that a resolution acceptable to the Pauls could be reached. (Amended Complaint, ¶ 23.)

As a result, Plaintiff Lori Bennett-Kolasa was summoned to appear with counsel in town court to defend herself. (Amended Complaint, ¶ 25.) After Bennett-Kolasa secured an opinion from the Commissioner of Agriculture & Markets confirming that her use of Aspen to protect the alpaca herd was permissible, the charge against her was dismissed. (Amended Complaint, ¶¶ 27, 28.)

* * *

On March 19, 2012, during the pendency of the prosecution, Bennett-Kolasa was on her property with Aspen when Aspen barked in response to a threat. (Amended

Complaint, ¶ 29.) Having heard the bark from across the street, Defendant James Paul stepped out onto his porch, aimed a firearm in Bennett-Kolasa's direction, and fired. (Amended Complaint, ¶ 30.)

## III. DISCUSSION

Plaintiffs assert four causes of action. Their first two causes of action are federal claims against the Municipal Defendants (defined in the amended complaint as the Town of Allegany and Wendy Tuttle): the first for violating their substantive due process rights (Amended Complaint, ¶¶ 22, 31-40); the second for retaliating against them for exercising their First Amendment rights (Amended Complaint, ¶¶ 41-43). Plaintiffs maintain that the Municipal Defendants deprived them of their substantive due process rights under the Fourteenth Amendment by initiating the proceedings in town court to extract a resolution favorable to the Pauls. (Amended Complaint, ¶¶ 31-40.) They further maintain that the Municipal Defendants violated their First Amendment rights by initiating the proceedings in town court in retaliation for Plaintiffs expressing themselves through the raising of alpaca. (Amended Complaint, ¶¶ 41-43.)

Plaintiffs remaining two causes of action are state claims against the Pauls: one for assault against James E. Paul arising from the discharge of the firearm (Amended Complaint, ¶¶ 44-47); the other for malicious prosecution against James E. Paul and Kelly Lent-Paul for initiating the town court proceedings (Amended Complaint, ¶¶ 48-51).

Both the Municipal Defendants and the Pauls have filed Motions to Dismiss Plaintiffs' causes of action for lack of subject-matter jurisdiction and failure to state a claim. (Docket Nos. 14, 16.)

**A. Municipal Defendants' Motion to Dismiss**

**1. Motion to Dismiss Standards**

**A. Rule 12 (b)(1)**

The plaintiff, as the party seeking to invoke the court's jurisdiction, bears the burden of demonstrating proper subject-matter jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40 (2d Cir. 1996). In turn, a defendant may assert lack of subject-matter jurisdiction as a defense under Rule 12(b)(1), which permits dismissal of an action if the "district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

In assessing a Rule 12(b)(1) motion, the court accepts as true all material factual allegations in the complaint, but does not draw inferences favorable to the party asserting jurisdiction. See J.S. *ex rel.* N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004); Shipping Financial Svcs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). The court may also consider affidavits and other materials beyond the pleadings, but may not rely on conclusory or hearsay statements. See J.S., 386 F.3d at 110.

**B. Rule 12 (b)(6)**

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. FED. R. CIV. P. 8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,127 S.Ct. 1955, 1966, 167

L.Ed.2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. Goldstein, 516 F.3d at 56; ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1945 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 129 S.Ct. at 1949. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; FED. R. CIV. P. 8(a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). This examination is context specific and requires that the court draw on its judicial experience and common

sense. Iqbal, 129 S.Ct. at 1950. First, statements that are not entitled to the presumption of truth — such as conclusory allegations, labels, and legal conclusions — are identified and stripped away. See Iqbal, 129 S.Ct. at 1950. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id.

**2. Federal Claims**

In their federal claims, Plaintiffs allege that the Municipal Defendants initiated the criminal prosecution against Bennett-Kolosa with ill motives. First, they allege that the Municipal Defendants initiated the proceedings as a way to resolve the dog-barking dispute in the Pauls' favor, in violation of Plaintiffs' substantive due process rights. (Amended Complaint, ¶ 40.) Second, they allege that the Municipal Defendants initiated the proceedings to retaliate against them for exercising their right to express themselves through the raising of alpaca, in violation of the First Amendment. (Amended Complaint, ¶¶ 42-43.)

Given the nature of Plaintiffs' federal claims — which both deal with the Municipal Defendants' motive for initiating the criminal prosecution — it is unnecessary to evaluate whether Plaintiffs have sufficiently alleged the elements of each cause of action, because the Eleventh Amendment bars their claims in any event. See Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (noting that properly pled claim may still fail because the defendant is entitled to immunity).

In response to the Municipal Defendants' Motion to Dismiss, Plaintiffs concede that

the Eleventh Amendment bars their official-capacity claims against Defendant Wendy Tuttle[2], because Tuttle acted on behalf of the state, not the county, when she initiated the criminal proceedings against Bennett-Kolasa.[3] Indeed, the Eleventh Amendment bars official-capacity suits against prosecutors, because "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county." Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993); Willner v. Town of N. Hempstead, 977 F.Supp. 182, 193 (E.D.N.Y. 1997). Eleventh Amendment immunity extends to Tuttle in her role as Town Attorney. See Baumgarten v. Suffolk County, No. 12-CV-171(JS)(AKT), 2013 WL 3973089, at *4 (E.D.N.Y. July 31, 2013) (extending prosecutorial immunity to Assistant Town Attorney); Kennedy-Bifulco v. Town of Huntington, No. CV 08-1612(ERK)(ETB), 2010 WL 6052343, at *11 (E.D.N.Y. Oct. 29, 2010) ("Since a Town Attorney is authorized to perform prosecutorial functions, the immunity afforded prosecutors extends to municipal attorneys as well."); Cetenich v. Alden, 11 F. Supp. 2d 238, 241 (N.D.N.Y. 1998) (extending prosecutorial immunity to Town Attorney who possessed authority to enforce ordinances and regulations). Plaintiffs' claims against Tuttle will therefore be dismissed.

For similar reasons, Plaintiffs' claims against the Town of Allegany must also be dismissed. The Town of Allegany cannot be held liable for Tuttle's prosecutorial conduct, which she engaged in on behalf of the state, not the Town of Allegany. See Doe v. Green, 593 F. Supp. 2d 523, 534 (W.D.N.Y. 2009) ("[T]he caselaw is clear that a county in New York cannot be held liable for the prosecutorial acts of a district attorney, because the DA

---

[2]Plaintiffs sue Tuttle only in her official capacity. (See Amended Complaint, ¶ 22.)

[3]See Docket No. 19, pp.3-4.

acts in that capacity on behalf of the state, not the county.") (citing Ying Jing Gan, 996 F.2d at 535-36); Bastuk v. County of Monroe, No. 12-CV-6154T, 2013 WL 6092517, at *5 (W.D.N.Y. Nov. 19, 2013) (citing Green, 593 F. Supp. 2d at 534). Plaintiffs, in fact, specifically allege that Tuttle initiated the proceedings "in the name of the People of the State of New York." (Amended Complaint, ¶ 40.)

Plaintiffs also cannot make out a claim under Monell that the Town of Allegany maintained a policy or custom that deprived Plaintiffs of a constitutional right, nor do they try to. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Green, 593 F. Supp. 2d at 534. This is because any alleged policy or custom involving criminal prosecutions would be the state's, not the county's. In any event, nowhere in the amended complaint do Plaintiffs allege that the Town of Allegany deprived them of their constitutional rights through a municipal policy or custom.

Consequently, both of Plaintiffs' federal claims against the Municipal Defendants must be dismissed. Because Tuttle is entitled to Eleventh Amendment immunity, and because the Town of Allegany cannot be held liable for the actions Tuttle took on behalf of the state, Plaintiffs' claims fail.[4] See McKeon v. Daley, 101 F. Supp. 2d 79, 92 (N.D.N.Y. 2000) (finding that a municipality "cannot be held responsible for misconduct in prosecuting an individual").

---

[4]In their responding papers, Plaintiffs describe their first cause of action as "a substantive due process violation accompanied by the elements of State tortious malicious prosecution claim." (See Docket No. 19, p. 7.) Citing Singer v. Fulton County Sheriff, Plaintiffs appear to recognize that "the Fourteenth Amendment right to substantive due process will not support a federal claim for malicious prosecution; however, [a plaintiff is not barred] from asserting a federal claim for malicious prosecution under the Fourth Amendment." 63 F.3d 110, 114 (2d Cir. 1995). But even construing Plaintiffs' first claim as one alleging malicious prosecution, Singer instructs that it cannot be brought under the Fourteenth Amendment, and Plaintiffs have not otherwise alleged a Fourth Amendment claim. Dismissal is therefore required.

**B. The Paul Defendants' Motion to Dismiss**

Having disposed of Plaintiffs' federal claims, this Court finds it appropriate to decline to exercise supplemental jurisdiction over Plaintiffs' state law assault and malicious prosecution claims. See 28 U.S.C. § 1367(c)(3). The United States Supreme Court has instructed that courts should ordinarily decline to exercise supplemental jurisdiction in the absence of federal claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (noting that in the usual case where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will "point towards declining to exercise jurisdiction over the remaining state-law claims"); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

The Second Circuit shares this view: where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); see also Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well.")

Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and they are instead dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are granted, Plaintiffs' federal claims are dismissed, and this Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.

## V. ORDERS

IT HEREBY IS ORDERED, that the Municipal Defendants' Motion to Dismiss (Docket No. 14) is GRANTED.

FURTHER, that the Paul Defendants' Motion to Dismiss (Docket No. 16) is GRANTED.

FURTHER, that the Clerk of Court is DIRECTED to close this case.

SO ORDERED.

Dated: August 28, 2014
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court